UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| PIONEERRX LLC | CIVIL ACTION NO. 23-00902 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ROMAN HEALTH VENTURES INC | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss Count VI of Plaintiff PioneerRx LLC's ("PioneerRx") Complaint filed by Roman Health Ventures Inc ("Ro") pursuant to Federal Rule of Civil Procedure 12(b)(6). See Record Document 24. Count VI alleges a violation of the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"). See Record Document 1 at 20–21. For the reasons stated below, Ro's motion is **DENIED**.

**BACKGROUND**

PioneerRx is a leading provider of software systems that help independent pharmacies manage their workflow, provide better service, and save costs. See Record Document 27 at 1. Ro operates a nationwide telehealth platform through which patients can seek medical care for a defined set of conditions from healthcare providers who staff its platform. See Record Document 24-1 at 2. Between 2020 and early 2023, Ro operated a standalone mail-order pharmacy called Ro Pharmacy. See id. On August 26, 2020, PioneerRx entered into a contract with Ro, which granted Ro Pharmacy a revocable, non-exclusive, non-assignable, and non-transferable license to use its pharmacy management software in exchange for a monthly fee (hereinafter the "System Agreement"). See id.

Ro and PioneerRx continued under this agreement without dispute until early 2022, when a series of alleged communications caused the parties' relationship to deteriorate. See id. at 3. From these communications, PioneerRx claims it learned Ro allegedly entered the System Agreement as a pretext to gain access to PioneerRx's Software and Confidential Information so that Ro could allegedly incorporate elements of PioneerRx's confidential information into its telehealth platform to develop and/or modify competing pharmacy software. See id. On July 3, 2023, PioneerRx terminated the System Agreement. See id.

PioneerRx filed its Complaint on July 10, 2023, setting forth six causes of action against Ro based on allegations that Ro engaged in an illicit scheme to steal PioneerRx's confidential information and misappropriate PioneerRx's trade secrets for the express purpose of creating, developing, modifying, and/or enhancing its own, competing in-house pharmacy software system. See Record Document 27 at 1–2. One cause of action set forth in the Complaint against Ro is pursuant to Louisiana Revised Statutes § 51:1401, et seq. (LUTPA), based upon the allegations that Ro engaged in deceptive practices in order to gain access to PioneerRx's servers for improper and unfair purposes, in an effort to harm PioneerRx's business. See id. at 2.

PioneerRx asserts that as a direct result of Ro's scheme to develop, modify, or enhance its competing pharmacy software system, it has lost revenues and customers due to Ro's unfair methods of competition and unfair or deceptive trade acts or practices and thus, suffered damages as a result. See Record Document 1 at 23. PioneerRx maintains it is entitled to an award of reasonable attorneys' fees and costs due to Ro's violations of LUTPA. See id.

Ro filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that PioneerRx failed to allege a claim for unfair trade practices under Louisiana law. See Record Document 27 at 2. Specifically, Defendant alleges that PioneerRx's Complaint only sets forth conclusory statements of alleged damages that do not rise to the pleading standard of Rule 12(b)(6) to state a claim for relief under LUTPA. See id. PioneerRx filed an opposition, arguing it has sufficiently pled and property stated a claim under LUTPA. See id. Ro filed a reply in support of its motion. See Record Document 28.

## LAW AND ANALYSIS

### I. Pleading and Dismissal Standards.

Federal Rule of Civil Procedure 8(a)(2) governs the requirements for pleadings that state a claim for relief and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The standard for the adequacy of complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go

outside the pleadings." Colle v. Brazos Cnty., Tex., 981 F. 2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standards to survive such a motion. See id. at 678–79, 1949–50. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

## II. LUTPA.

Louisiana Revised Statutes § 51:1405(A) provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Additionally, Louisiana Revised Statutes § 51:1409(A) states:

> Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover damages.

The Louisiana Supreme Court interpreted this language to mean that "'Louisiana courts determine what is a [LUTPA] violation on a case-by-case basis.'" Quality Envtl. Processes, Inc. v. I.P. Petroleum, Co., Inc., 2013-1582 (La. 05/07/14); 144 So. 2d 1011, 1025 (quoting Keith E. Andrews, Comment, Louisiana Unfair Trade Practices Act: Broad Language and Generous Remedies Supplemented by a Confusing Body of Case Law, 41 Loy. L. Rev. 759, 762 (1996)). The Louisiana Supreme Court held "that in establishing a LUTPA claim, a plaintiff must show that 'the alleged conduct offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious.'" Id.

4

(quoting Cheramie Services, Inc. v. Shell Deepwater Prod., 09-1633, p. 11 (La. 4/23/10); 35 So. 3d 1053, 1059).

In Rockwell Automation, Inc. v. Montgomery, the district court held that "in order to prove a violation of LUTPA, [p]laintiff must show: '(1) an unfair or deceptive trade practice declared unlawful; (2) that impacts a consumer, business competitor or other person to whom the statute grants a private right of action; (3) which has caused ascertainable loss.'" No. 17-415, 2017 WL 2294687, at *2 (W.D. La. May 24, 2017) (quoting Who Pat Yat LLC v. Who Pat? Inc., 2011 WL 39043, at *3 (E.D. La. Jan. 4, 2011)).

### III. Analysis.

Ro seeks to dismiss Count VI under Rule 12(b)(6) because PioneerRx failed to plead the requisite ascertainable loss element of the LUTPA claim. See Record Document 24-1 at 2. Ro maintains that PioneerRx has not and cannot identify any lost revenue, contract, customer, or fee as a result of any alleged action of Ro. See id. Additionally, Ro contends that PioneerRx relied on conclusory statements, which do not meet the pleading requirements under applicable law. See id.

In its opposition, PioneerRx asserts that it does not need to allege a precise measurement of damages to sufficiently allege an ascertainable loss. See Record Document 27 at 4. Rather, PioneerRx argues it can generally allege loss, and specific amounts can be determined during discovery or trial. See id. Therefore, the main issue before this Court is whether PioneerRx sufficiently alleged an ascertainable loss in its Complaint for its LUTPA claim.

Under LUTPA, a "'plaintiff must show that he suffered "ascertainable loss of money or moveable property" as a result of the unfair practices of defendants.'" InPwr, Inc. v.

5

Olson Restoration, LLC, No. 21-0821, 2022 WL 4832051, at *5 (W.D. La. Sept. 15, 2022) (quoting Strahan v. State Through Dept's of Agric. & Forestry, 633 So. 2d 886, 887 (La. App. 1st Cir. 1994) (citing CLB Properties, Inc. v. MRD Operating, LLC, No. 16-1271, 2017 WL 4323587, at *6 (W.D. La. Sept. 27, 2017)). "Although general and conclusory allegations of an injury are not enough to establish an allegation of an ascertainable loss, the law does not require a plaintiff to plead an exact amount." Express Lien, Inc. v. Handle, Inc., No. 19-10156, 2020 WL 1030847, at *8 (E.D. La. Mar. 3, 2020). In fact, "Louisiana courts have rejected the contention that LUTPA requires 'a precise measurement of the damage' to allege an ascertainable loss." Id.

Louisiana courts have held "that an ascertainable loss was properly pleaded where plaintiffs only generally alleged loss of income, relevant market share, business reputation, goodwill, and attorneys' fees and costs, with the 'specific amounts to be determined during discovery/trial.'" Id. (quoting Green v. Garcia-Victor, 248 So. 3d 449, 456 (La. App. 4 Cir. 2018)). In Express Lien, the plaintiff alleged a loss of sales and investor funding due to the defendant's action, and the district court classified those losses as an ascertainable loss even though the plaintiff did not plead a specific dollar amount. Id. The court's reasoning centered around distinguishing the case from Checkpoint Fluidic Sys. Int'l, Ltd. v. Guccione, No. 10-4505, 2011 WL 3268386 (E.D. La. July 28, 2011). Id. In Checkpoint, the party asserting a LUTPA claim only pleaded "that they had been injured" rather than "explaining how the alleged violations of LUTPA 'resulted in an actual loss of business or any other form of identifiable damage to the business.'" Id. (quoting Checkpoint, 2011 WL 3268386, at *10). In Express Lien, the court

6

found that the plaintiff's allegation was "much more detailed than the general statement" made in Guccione, which simply stated that an injury occurred. Id.

Similarly, in Frontline Petroleum Training Sys., LLC v. Premier Safety Mgmt., Inc., the plaintiffs pleaded that they had suffered damage to business reputation, money damages, and attorneys' fees. No. 13-1259, 2013 WL 6667332, at *4 (W.D. La. Dec. 17, 2013). The court held that "[a]lthough dollar amounts [were] not assigned to the damages alleged in the complaint, it is plausible that evidence can be presented at a later stage of this litigation substantiating the amount of these losses through the application of simple mathematical formulas." Id. Therefore, the ascertainable loss element was met. Id.

In the instant case, PioneerRx asserts that as a direct result of Ro's scheme to develop, modify, or enhance its competing pharmacy software system, it has lost revenues and customers due to Ro's unfair methods of competition and unfair or deceptive trade acts or practices and thus, suffered damages as a result. See Record Document 1 at 23. PioneerRx maintains it is entitled to an award of reasonable attorneys' fees and costs due to Ro's violations of LUTPA. See id. Even though PioneerRx has not pleaded specific dollar amounts, the ascertainable loss element is met, and the LUTPA claim survives. PioneerRx's alleged losses resemble those in Express Linen and Frontline Petroleum. While there is no expressed dollar amount, the pleading standards have been met. It is plausible that evidence can be presented at a later stage of this litigation substantiating the amount of these losses. Therefore, Ro's Rule 12(b)(6) Motion to Dismiss Count VI is **DENIED**.

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that Ro's Rule 12(b)(6) Motion to Dismiss Count VI (Record Document 24) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 4th day of October, 2024.

*[signature]*
S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT